```
               IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**DONALD PERRY JONES,**

                      **Plaintiff,**

       v.                                  CASE NO. 20-3038-SAC

**JOSHAWA HEASLET, et al.,**

                      **Defendants.**

## ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and in forma pauperis. The Court has conducted an initial review of the complaint and, for the reasons that follow, directs plaintiff to show cause why this matter should not be dismissed.

### Nature of the Complaint

Plaintiff states that on February 13, 2018, his vehicle was stopped by the two defendant Topeka Police Officers for a window tint violation. During the traffic stop, a police drug dog alerted to drugs. Defendants then found methamphetamine in the vehicle, and plaintiff later was convicted of distribution of methamphetamine.

Plaintiff commenced this action on January 27, 2020. He claims the two defendant police officers violated his rights under the Fourth Amendment by conducting an illegal stop, search, and seizure. He seeks monetary damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a).

Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Analysis

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that when a state prisoner proceeding under § 1983 seeks damages in a claim relating to his conviction or sentence, the district court must consider whether a judgment for the plaintiff would necessarily implicate the validity of his conviction or sentence. *See Heck*, 512 U.S. at 487. If the judgment sought would invalidate a conviction or sentence, the complaint must be dismissed with prejudice unless the plaintiff shows that his conviction or sentence has been overturned, reversed or otherwise called into question may he proceed on claims for damages. *See Heck, id*. This doctrine effectively "avoids allowing collateral attacks on criminal

judgments through civil litigation." *McDonough v. Smith*, 139 S.Ct. 2149, 2157 (2019).

While the *Heck* holding does not bar all Fourth Amendment claims, it does bar § 1983 claims where the search in question produced all of the evidence against the plaintiff. *See Trusdale v. Bell*, 85 F. App'x 691, 693 (10th Cir. 2003)(unpublished)(imposing *Heck* bar because "damages in this civil suit would imply the invalidity of his conviction" because "all of the evidence obtained…was the result of execution of the allegedly invalid … search warrant"); *Esquibel v. Williamson*, 421 F. App'x 813, 817 (10th Cir. 2010) (unpublished) (finding § 1983 "suit is cognizable only when the evidence would have been admissible despite the unlawful search or the conviction would have been obtained without the evidence"); and *Miller v. Foster*, 2013 WL 7894943, at *2-3 (D. Col. Nov. 18, 2013)(unpublished)(applying *Heck* bar where "the baggy of crack cocaine was uniquely made available as a result of the alleged illegal search, and the prosecution could not "have convicted [plaintiff] if the search were to have been found illegal").

Based upon the allegations in the complaint, it appears this matter is subject to dismissal under the *Heck* doctrine. First, the Court takes notice that plaintiff's direct appeal[1] is pending in the Kansas Court of Appeals. It also appears from the allegations in the complaint that plaintiff was convicted based upon evidence seized incident to the stop and search that he challenges in this action. On these facts, plaintiff's claims appear to be barred by the *Heck* doctrine, and the Court therefore will direct him to show cause why this matter should not be dismissed. The failure to file a timely

---

[1] *State of Kansas v. Donald Perry Jones*, Case No. 121237, docketed May 17, 2019.

response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **August 10, 2020,** to show cause why this matter should not be dismissed under the *Heck* doctrine.

**IT IS SO ORDERED.**

DATED:  This 20th day of July, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge